**UNITED STATES, Appellee,**

v.

**William J. RICKS, Private U. S. Army, Appellant.**

No. 32,341.

CM 433495.

U. S. Court of Military Appeals.

Feb. 1, 1977.

---

8. *See United States v. Seay, supra* at 204 n. 6.

Captain Derryl W. Peden argued the cause for Appellant, Accused. With him on the brief were Colonel Alton H. Harvey, Lieutenant John R. Thornock, and Captain John C. Carr.

Captain William C. Kirk argued the cause for Appellee, United States. With him on the brief were Colonel Thomas H. Davis, Lieutenant Colonel Donald W. Hansen, and Major John T. Sherwood, Jr.

Opinion of the Court

FLETCHER, Chief Judge:

The appellant was found guilty of aggravated assault and possession of a switchblade knife in violation of Articles 128 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 892, respectively. He was sentenced to a dishonorable discharge, total forfeitures, confinement at hard labor for 3 years, and reduction to the lowest enlisted grade. The convening authority approved the findings and sentence as did the Army Court of Military Review. We granted review to determine whether the trial judge erred by admitting into evidence a written confession which the appellant contends was the product of an earlier illegal interrogation. Upon examination of the evidence of record, and the Court's standard as set forth in *United States v. Seay*, 1 M.J. 201 (1975), we conclude that the Government adequately demonstrated that the presumptive taint from the first interrogation had been overcome, and, therefore, the trial judge properly admitted the statement.

The relevant facts are not in dispute. The appellant and a Private Turner quarrelled and ultimately fought each other on the evening of March 12, 1975 at their unit barracks. Private Turner was eventually taken to the dispensary for treatment of stab wounds he received. The company commander, Captain Schorr, upon being advised of the situation, went to the dispensary to determine Private Turner's condition.[1] The appellant arrived shortly thereafter, and Captain Schorr, without giving Article

1. This incident was actually a series of arguments which progressed from simply shouting to a serious physical encounter and was witnessed in part by other residents of the barracks.

31[2] warnings, asked him what had been done with the knife. Captain Schorr testified that he was then aware of the fight, and of the fact that a knife had been used. The appellant responded that he had thrown the knife behind the barracks. There were no other questions. Captain Schorr took the appellant back to the unit barracks, and released him to a military policeman, Specialist Brown. He did not inform Specialist Brown, or Specialist Simpson, the CID agent who ultimately interrogated the appellant, of either this question or the response.[3] Specialist Brown informed the appellant of his Article 31/*Tempia*[4] rights, apprehended him, and transported him to the military police station without any interrogation. The appellant was again given his rights warnings at the station, and after indicating a willingness to speak to the police without the assistance of counsel, told the police the location of the knife.[5]

Subsequently Agent Simpson, after another full advising of Article 31 rights, interrogated the appellant. Appellant stated that "he wanted to get it off his chest," and made a full confession of his role in the fight. Agent Simpson specifically asked the appellant, "Did the Captain [Captain Schorr] question you regarding this incident?" and the appellant replied, "No. The only thing that he did do was to handcarry me over to the unit from the dispensary and wait until the military police arrived." The statement of appellant was typed by the agent and was signed under oath and witnessed.

The government properly concedes that the initial questioning by Captain Schorr was improper because of his failure to give Article 31 warnings. *United States v. Seay, supra; United States v. Harvey*, 21 U.S.C.M.A. 39, 44 C.M.R. 93 (1971). Clearly, Captain Schorr suspected the appellant of assaulting Private Turner, and, therefore, any response of Private Ricks to this question was inadmissible in evidence in a court-martial against him. *United States v. Dohle*, 1 M.J. 223 (1975). The Government submits, and we agree, that in this case the presumptive taint from this interrogation has been overcome as to the subsequent admissions by the appellant to the police following proper warnings. A brief analysis of the Court's standard in *United States v. Seay, supra*, demonstrates that, as the trial judge specifically ruled, the appellant's admissions were freely and intelligently given after a knowing waiver of his rights and, further, were not induced by his response to Captain Schorr's question.

In this case the appellant was properly warned three times, and after each expressed a desire to speak to the police and waive his right to assistance of counsel. Agent Simpson was unaware of the earlier unwarned question by Captain Schorr,[6] and neither made reference to it,[7] nor relied upon it in his interrogation.[8] Of critical significance is the fact that the appellant upon being questioned by the agent denied ever speaking with Captain Schorr concerning the incident. This response, when cou-

---

2. Article 31, Uniform Code of Military Justice, 10 U.S.C. § 831.

3. Captain Schorr did disclose this matter after the CID interrogation and appellant's statement had been completed upon being questioned as to his knowledge of the incident.

4. *United States v. Tempia*, 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967).

5. Captain Schorr searched for the knife without success after releasing the appellant to the police. The knife was found by the police apparently on the basis of the information given by Private Ricks following his rights warning at the station. Agent Simpson did refer to the knife in his subsequent interrogation of Private Ricks.

6. As noted in *United States v. Seay*, 1 M.J. 201, 203 (1975), this is not dispositive of the question. What is relevant is analysis of the total circumstances to determine if the taint was attenuated.

7. *See United States v. Hundley*, 21 U.S.C.M.A. 320, 45 C.M.R. 94 (1972).

8. *See United States v. Pyatt*, 22 U.S.C.M.A. 84, 46 C.M.R. 84 (1972); *United States v. Powell*, 13 U.S.C.M.A. 364, 32 C.M.R. 364 (1962).

pled with the appellant's stated desire to "get the matter off his chest," and tell the police what had occurred, more than amply supports the trial judge's ruling. We conclude that the record demonstrates that the appellant's statement was purely voluntary.

The decision of the U. S. Army Court of Military Review is affirmed.

Judge COOK and Judge PERRY concur.